IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IOU CENTRAL, INC.
d/b/a IOU FINANCIAL, INC

     Plaintiff,                              CASE NO.: 20-1893

vs.

FINES ENTERPRISES, INC., A/K/A
TENDER TOUCH HEALTH CARE,
LEONIDES GABRIEL FINES
INDIVIDUALLY AND AS TRUSTEE/SETTLOR
OF THE G2G REVOCABLE TRUST,
ANDREA EMMA FINES
INDIVIDUALLY AND AS TRUSTEE/SETTLOR
OF THE G2G REVOCABLE TRUST,
VICTORY HEALTH CARE, LLC,
KRISTIN ANN FINES,

     Defendants.
_____/

## **COMPLAINT**

Plaintiff IOU sues the Defendants as follows:

1.     Plaintiff IOU is incorporated in Delaware, whose principal place of business is located in Georgia, a citizen of both states per 28 U.S.C. § 1332

2.     Defendants Leonidas Fines and Andrea Fines, [Debtor[s], individually and as trustees and settlors of the G2G Revocable Trust, are domiciled in and citizens of Florida per § 1332, as is Defendant Kristin Fines [KAF], a member of Defendant Victory [VHC] with both Defendant Debtor(s).

3.      Defendant Fines Enterprises [Business] is incorporated in Florida, its principal place of business, dissolved 9/22/17 per the SOS, a citizen of same per § 1332.

4.      Jurisdiction exists per §1332 as the parties are diverse and the sum in controversy exceeds $76,000.00, damages, fees and interest. **_Jones v. Landry_**, 387 F.2d 102 (5th Cir. 1967), **_Cohen v. Office_**, 204 F.3d 10717 (11th Cir. 2000), **_Groves v. Rogers_**, 547 F.2d 900 (5th Cir. 1977), **_Ryan v. State Farm_**, 934 F.2d 276 (11th Cir. 1991), **_Holley v. Credit_**, 821 F.2d 1531 (11th Cir. 1987) **_Waller v. Prof._**, 296 F.2d 547 (5th Cir. 1961). Jurisdiction exists on all claims. **_Exxon v. Allapattah_**, 545 U.S. 546 (2005).

5.      Per Fla. Stat. § 48.193 _et seq_ and the Constitution, jurisdiction exists, is proper and just for Defendants, who reside in and/or conduct business in Florida.

6.      Under 28 U.S.C. § 1391 and § 89, venue is proper as a substantial part of the events or omissions giving rise to the claims occurred here, the property at issue is located here, Defendants consented to, reside and conduct business here.

7.      On 4/17/15, Debtor(s) submitted a Loan Application to IOU's Georgia office website, for a commercial loan [Loan] purportedly for Business, of which they claimed to be the sole officers, but for all Defendants, of which they consented, benefitted and ratified.

8.      On 4/24/15 [Closing Date] Debtor(s) executed a Promissory Note for the Business to IOU for a gross loan amount/principal of $107,000.00, at IOU's Georgia office website, in exchange for its Loan Funds, with a loan guaranty fee, confirming all information, consenting to its terms, of which all Defendants consented and ratified.

9.     The Note is in default if (i) any amount due pursuant to it is not received by IOU when due (ii) Business breaches any warranty, representation, covenant, term or condition of it (iii) default under any guaranty agreement or instrument, now existing, after committed or made, provided to IOU to enhance the Loan's credit underwriting; any bankruptcy, insolvency or receivership proceeding is commenced by or against Business and not dismissed within 30 days (iii) Business ceases to exist (iv) obtains another loan during the term of the Loan without IOU's prior written permission. [Note ¶ 6]

10.     The Note includes a Security Agreement, by which Debtor(s) and Business, recipients of the Funds, were to encumber their property, proceeds and assets as collateral for the Loan, upon which IOU relied in approving the Loan, of which Defendants, consented, benefitted and ratified, which states:

> As security for the due and punctual payment of all amounts due or to become due and the performance of all obligations of Borrower from time to time under this Note and all extensions, renewals and amendments of any of the foregoing Borrower hereby pledges, transfers, assigns, conveys and grants a security interest to a continuing lien upon and security interest in and to all of Borrower's now owned or hereafter acquired, created or arising property including any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible, and in each case regardless of where such Property may be located and whether such Property may be in the possession of Borrower, Lender or a third party and shall include any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible and (1) any and all amounts owing to Borrower now or in the future from any merchant processor(s) processing charges made by customers of Borrower via credit card or debit card transactions: (2) all other tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) investment property, including certificated and uncertificated securities, securities accounts, security entitlements, commodity contracts and commodity accounts, (d) instruments, including promissory notes, (e) chattel paper,

including tangible chattel paper and electronic chattel paper, (f) documents, (g) letter of credit rights, (h) accounts, including health care insurance receivables (i) deposit accounts, (j) general intangibles, including payment intangibles and software, and (k) as-extracted collateral as such terms may from time to time be defined in the UCC. The collateral includes all accessions, attachments, accessories, parts, supplies and replacements for the collateral, all products, proceeds and collections.  [Note ¶ 21]

11.     On the Closing Date, Debtor(s) executed Guaranty(s) at IOU's Georgia office website, guaranteeing the Note/Security Agreement, who received and personally benefitted from the Funds as did Defendants of which they knew, consented, benefitted and ratified as co-guarantors. [Note ¶ 12, Guaranty ¶ 1-2]

12.     Per the Guaranty(s), Debtor(s) granted and/or intended to grant the same security interest in their property, proceeds and assets as Business to guaranty the Note/Security Agreement, of which Defendants consented, benefitted and ratified.

13.     The Guaranty(s) mandate enforcement as to Debtor(s) if Business defaults on its obligations under the Note and its obligations are not satisfied by Debtor(s), which are enforceable against Debtor(s), their successors and assigns, of which Defendants knew, consented, benefitted and ratified. [Guaranty ¶1-3]

14.     Per the Guaranty, Debtor(s) must provide all financial information for themselves and Business at the request of IOU which Defendants ratified. [Guaranty ¶ 6]

15.     On the Closing Date, Debtor(s) executed a Debit Agreement with Business to IOU, authorizing Loan payments by their account to IOU, certifying its purpose and their account information, of which Defendants knew, consented, benefitted and ratified.

16.     On the Closing Date, Debtor(s) and Business approved disbursement of the Funds, by IOU, of which Defendants consented, benefitted and ratified.

17.     On the Closing Date, Debtor(s) and Business received the Funds by wire from IOU's account to theirs, of which Defendants consented, benefitted and ratified.

18.     IOU intended for its Loan as a secured interest in all property, assets and proceeds of the Fund's recipients, Defendants, to be repaid the Funds and would not have otherwise advanced them per the Guaranty(s), Note and Agreements.  [Instruments]

19.     Debtor(s) and Business breached the Instruments in a month after receipt of the Funds, which they never cured, failing to make payments, failing to provide financial information, dissolving Business, which IOU accelerated due to the default.

20.     Debtor(s) and Business did not intend to or could not repay the Funds, which they did not disclose to IOU, who acted for each other and the other Defendants as to the Funds and the Loan of which Defendants knew, benefitted, consented and ratified.

21.     Defendants are jointly and severally liable for the Loan and Instruments to which they consented and ratified, fulfilling of at least one of the below; who namely:

(a)     Acted as agents for each other such as obtaining the Loan and the Funds of which they knew, benefitted, consented and ratified.

(b)     Operate as or are a partnership, for their same, related business; the Business in which they share the benefits and liabilities including the Funds.

(c)     Owned, operated and conducted Business, as their alter-ego, disregarding its entity, undercapitalizing it per their failure to repay the Loan with other debts and its

9/22/17 dissolution, misusing its corporate form as a conduit/instrumentality for personal affairs, fraudulently obtaining the Funds and evading the Loan, which share and co-mingle assets, finances, ownership, and offices with Victory and their other businesses.

(d)     Business lacks an existence separate from Defendants, per their unified interest or ownership, a subterfuge to avoid IOU's debt, whose form should be justly disregarded and pierced, with full liability for damages/relief imposed upon them.

(e)     Defendants assumed or are liable for the debts/liabilities at issue, the Loan, Instruments and claims, who have a debtor-creditor relationship with IOU, including as successors and/or assigns of Debtors per the Instruments.

22.     IOU's Instruments attached to all property, assets and/or proceeds of Defendants, including but not limited to the following ones:

(a)     8017 Chianti Drive, Orlando FL 32839, Parcel Id 342328053000120 [First Property] titled to Debtor(s) at the time of the Loan, per a deed to them recorded at Orange Book 4777, Page 1466 mentioned in the Guaranty(s) [First Property], Lot 12, Bay Lakes at Granada, Section 1, per a Plat recorded at Orange Plat Book 8, pages 67-68, wrongfully retained or improved with the Funds, not subject to its invalid homestead designation;

(b)     8334 Crosswicks Drive, Orlando FL, Parcel Id 22-2328-6200-00-080 [Second Property], titled to Andrea Fines at the time of the Loan per a Deed recorded at Orange Book 10301, Page 3228,  described as Lot 8, Orange Bay, per a Plat recorded at Orange Plat Book 9, page 60, currently fraudulently titled to the Trust, a sham, subject to the Instruments, per its Certification signed by Debtor(s), recorded 5/27/20 Instrument No.

20200297422 and their quitclaim deed to the Trust, recorded 6/12/20, Instrument No 20200328005, wrongfully retained or improved with the Funds, not subject to protection;

(c)     Any UUC-1 recorded by IOU on the Loan, to which all other property, assets, proceeds and interests of Debtor(s) and Business are subject, such as one recorded in 2015 by IOU, No. 201503638039, of which all Defendants had notice.

(d)     Any property, proceeds and assets secured by other loans of Defendants, which IOU's Loan satisfied, the Prior Loan(s), in whose shoes IOU now stands, which Defendants ratified, such as a Note, Mortgage and Security Agreement of Fifth Third Bank, dated 2/10/11, for $1,000,000.00 guaranteed by Debtor(s), Business and VHC, recorded at Orange Instrument No. 20110075351 and a Note, Mortgage and Security Agreement of Fifth Third Bank, dated 2/28/14, for $850,000.00, guaranteed by Debtor(s), Business and VHC, recorded at Orange Instrument No. 20110075351, in default since 3/5/15, which IOU's Loan paid on the Closing Date, as admitted by Debtor(s) to IOU.

(e)     Any Funds used to benefit any Defendant and their property, assets and proceeds, which are also subject to the Loan.

23.     Defendants did and/or conspired to make misrepresentations or material omissions to IOU, through Debtor(s), who negligently, knowingly misrepresented or failed to disclose to IOU the following, contrary to their representations to IOU that they would and could comply with the Instruments and satisfy the Loan:

(a)     They fraudulently induced IOU to close the Loan, which they did not intend to or could not perform, defaulting in April 2015 after the Closing, not disclosing they

signed over management of Business to a third party, Haven, per a management services agreement effective 12/16/14, under which Debtor(s) were paid $1,000.00 monthly from January-May 2015, with a note and security instrument effective 12/17/14 with Haven for $200,000 securing all assets of Business as collateral, another management services agreement with Haven, effective 4/1/15 under which Haven operated Business and an asset purchase agreement effective 4/1/15, to sell Business for $150,000, precluding their ability to operate Business, per MD FL Case No. 6:16-cv-01244 they brought against Haven

(b)     Debtors did not disclose their 3/5/15 default on the Fifth Third Loan for $850,000, resulting in Fifth Third's Suit against them on 4/27/15, just after the Closing or their default on the Fifth Third Loan for $1,000,000 in January 2015, resulting in Fifth Third's other suit against them, Business and VHC on 5/1/15, just after the Closing to again fraudulently induce IOU into closing the Loan.

(c)     Debtors lied about their alleged efforts to resolve the Loan default and alleged insolvency after the Closing to hinder, delay or defraud enforcement of the Loan.

(d)     Leonides Fines intended to bankrupt 3 times in bad faith from 2018-2019, again to hinder, delay or defraud enforcement of the Loan, per an order in MD Fla Case No. 6:19-bk-00537-CCJ barring his bankruptcy until 2021.

(e)     Defendants sought to hinder, delay or defraud enforcement of the Loan by dissolving Business, reinstating VHC on 7/18/20, opened AAAF Management on 3/8/18 and AAAF Finest Management on 7/30/20 to which they transferred the property, assets and proceeds of Business and transferred the Second Property to the Trust, a sham, subject

to the Loan, as is the First Property, to which they are estopped from disputing or raising any alleged exemption such as a homestead exemption.

24.     IOU justifiably relied on the misrepresentations or omissions of Debtors as honest and accurate throughout the Loan process and in the Instruments, inducing and causing IOU to close the Loan and wire the Funds to them, which was damaged as a result of their misconduct which Defendants ratified.

25.     IOU held and/or owned the Instruments and claims at issue [Claims] and had standing to enforce them before suit, their principal balance and/or value exceeding $76,000.00, with attorney's fees as provided by law and their terms.

26.     Debtor(s) induced or encouraged IOU to confer the Funds on them per the Instruments, which they did not intend to satisfy or could not satisfy, of which Defendants benefitted, consented and ratified.

27.     IOU provided the Funds to Business and Debtors and/or their agents, expecting repayment, which Defendants appreciated, benefitted, consented and ratified.

28.     Defendants knew of, accepted and retained the Funds, which they did not reject, should return or compensate, are otherwise unjustly enriched by them at IOU's expense, retaining them, their property, assets and proceeds absent IOU's interest in them.

29.     Defendants are indebted to IOU for the Funds, fees, costs and charges, of which their property, assets and proceeds are secured as collateral.

30.     Defendants are liable for each other's acts and omissions as partners, servants, agents, successors, assigns, as part of, within their relationship, by which they jointly benefitted and/or ratified.

31.     All conditions precedent to suit occurred, were fulfilled, waived and/or their occurrence and/or fulfillment was unnecessary and/or futile.

## COUNT I: DECLARATORY, EQUITABLE AND RELATED RELIEF AS TO ALL DEFENDANTS

32.     ¶ 7-31 are incorporated.

33.     Defendants are jointly liable for the Loan and Funds, whose property, assets and proceeds, such as the Properties, are subject to the Instruments, procured by them, who seek to wrongfully evade the Loan.

34.     The fraudulent and/or inequitable misconduct of Defendants requires inclusion of them, their property, assets and proceeds in the Instruments, who induced IOU to make the Loan, to which they are subject, but were all wrongfully omitted.

35.     The fraudulent or inequitable misconduct of Defendants permits them to wrongfully retain the Funds and their property, assets and proceeds, absent IOU's intended secured interest in them, for which IOU has no adequate legal remedy.

36.     The Instruments are intended to bind all recipients and beneficiaries of the Funds, Defendants, whose property, assets and proceeds are to secure the Loan, who knew of, consented to, benefitted from and ratified the Loan, receiving and retaining the Funds.

37.     IOU stands in the shoes of the Prior Loans, such as per equitable doctrines of subrogation, contribution, exoneration and quia timet, which IOU is entitled to invoke.

38.     The Instruments are intended as and constitute a security interest/mortgage lien in all property, proceeds and assets of the Defendants, identified and described as collateral, of which they ratified, for which equitable relief will not prejudice them.

39.     Per 28 U.S.C. § 2201, Fla. Stat. § 679.1011 *et seq*, § 697.01 *et seq*, § 65.011 *et seq*, and applicable law, IOU requests the Court declare, establish and reform its Instruments to bind Defendants jointly for the Loan, as a security interest/mortgage lien in their property, assets and proceeds, per the Prior Loan(s) under subrogation, contribution, exoneration and quia timet; and grant all just relief.

40.     Alternatively, per § Fla. Stat. § 768.72 *et seq* and applicable law, IOU demands judgment as to Defendants for compensatory, consequential, special, nominal, punitive damages for their misconduct and all just relief.

## COUNT II: BREACH OF INSTRUMENTS AND RELATED RELIEF AS TO ALL DEFENDANTS

41.     ¶ 7-31 and ¶ 39 are incorporated.

42.     Defendants consented to, benefitted from and ratified the Instruments, accepting the Funds of which they are liable as co-guarantors and estopped from disputing.

43.     Defendants breached the Instruments, failed to make payments and did not otherwise comply with their terms, which are now due.

44.     IOU accelerated the principal balance of its defaulted Instruments of which Defendants were given notice and/or notice was not required and/or is futile and the Instruments provide for payment of IOU's attorney's fees and costs.

45.     Defendants are notified IOU is entitled to enforce and invoke the fees provisions of the Instruments as to them and will be indebted for IOU's fees/costs, unless all principal, interest and charges due per them are paid in 10 days of service of this suit.

46.     IOU demands judgment as to Defendants for damages under the Instruments in the principal sum of at least $76,000.00, fees, interest, costs and just relief.

## COUNT III: BREACH OF FIDUCIARY DUTY OF TRUST TO CREDITOR AND RELATED RELIEF AS TO ALL DEFENDANTS

47.     ¶ 7-31 are incorporated.

48.     Business is presumed insolvent, per its default on the Loan and other debts as they came due, which lacks assets with short term liquidity, its assets are less than its liabilities and lacks capital to support its operations per its 9/22/17 dissolution.

49.     Debtor(s) rendered Business insolvent, incurring debt which it could not repay, incurring other debt and otherwise mismanaging its property, assets and proceeds.

50.     Debtor(s) had fiduciary duties to creditors of Business, such as IOU, as its managers/officers, to conserve and manage its property, assets and proceeds in trust for the benefit of its creditors, such as IOU, after its insolvency, which they were not convert or give away, precluding collection of IOU's debt, to benefit themselves at IOU's expense.

51.     Debtor(s) breached their fiduciary duties to IOU by knowingly misusing the property, assets and proceeds of Business after its insolvency to preferentially benefit their interests, dishonestly, in bad faith (a) paying themselves from them (b) using them for personal use such as reinstating VHC or forming their other businesses after dissolving Business, AAAF Management LLC on 3/8/18 and AAAF Finest Management LLC on

7/30/2 (c) in violation of the Instruments, constituting (e) fraudulent transfers per Fla Stat §
726.105, to hinder, delay or defraud IOU in enforcing its Loan (d) constructively
fraudulent transfers per Fla. Stat. § 725.106 (d) leaving Business a gutted shell incapable of
satisfying its debts, such as the Loan, which was not satisfied.

52.    Debtor(s) misconduct wrongfully precluded satisfaction of the Loan by
Business, whose misuse of its property, assets and proceeds impaired IOU's security
interest in them of which Defendants consented, benefitted and ratified.

53.    The other Defendants aided and abetted Debtor(s) breach of fiduciary duty,
and misconduct, knowingly participating in their misconduct and misuse of the property,
assets and proceeds of Business for their benefit, which they ratified and are liable,
forming the Trust and new businesses to hide their assets from creditors such as IOU.

54.    The misconduct of Defendants was intentional, grossly negligent, wanting
in care, with knowledge IOU would be harmed, in which they participated and ratified.

55.    Per Fla. Stat. § 768.72 *et seq* and applicable law, IOU demands judgment as
to Defendants for their misconduct, compensatory, consequential, special, nominal,
punitive damages exceeding $76,000 and all just relief including its equitable remedies.

## COUNT IV: QUANTUM MERUIT/UNJUST ENRICHMENT
## AND RELATED RELIEF AS TO DEFENDANTS VHC AND KAF

56.    ¶ 7-31 are incorporated.

57.    Defendants VHC and KAF induced and/or encouraged IOU to confer the
Funds upon them through Debtor(s), of which they benefitted, consented and ratified.

58.     IOU provided the Funds to VHC/KAF, through Debtor(s), expecting their repayment, which they knew, benefitted, consented and ratified.

59.     Defendants VHC/KAF knew of and accepted the Funds which should be repaid, who is otherwise unjustly enriched by them at IOU's expense.

60.     Defendants VHC/KAF are indebted to IOU for the Funds, interest and costs.

61.     IOU demands judgment as to Defendants VHC and KAF for the unpaid Funds, costs and just relief such as its equitable remedies.

### COUNT V: EQUITABLE LIEN/EQUITABLE MORTGAGE AND RELATED RELIEF AS TO DEFENDANTS

62.     ¶ 7-31 and ¶ 50-54 are incorporated.

63.     Defendants wrongfully induced IOU to provide the Funds, and close the Loan, without intending to satisfy it, satisfaction of which they wrongfully precluded.

64.     Defendants knew of, accepted and retained the Funds as a secured debt in their property, assets and proceeds, who are unjustly enriched absent IOU's intended secured interest in them for which IOU has no adequate remedy.

65.     An equitable lien or mortgage to secure IOU's Loan is intended and implied on the property, assets and proceeds of Defendants, such as the Properties, subject to the Instruments, maintained and/or improved by the IOU's wrongfully obtained funds per their misconduct, which they are estopped from denying.

66.     Per 28 U.S.C. § 2201 *et seq* and applicable law, IOU requests the Court declare and impose an equitable lien/mortgage on all property, assets and proceeds of Defendants for the Loan, relating back to its execution/origination and grant just relief.

## COUNT VI: CONSTRUCTIVE TRUST AND
## RELATED RELIEF AS TO ALL DEFENDANTS

67.     ¶ 7-31 and ¶ 50-54 are incorporated.

68.     The property, assets and proceeds of all recipients of the Funds, Defendants, were to secure the Loan, per the Instruments, of which they knew, benefitted, consented and ratified but wrongfully preclude its performance.

69.     Defendants wrongfully induced IOU to provide the Funds, and enter into the Loan, without intending to satisfy it, satisfaction of which they wrongfully precluded.

70.     Defendants knew of, accepted and retained the Funds as a secured debt in their property, assets and proceeds, who unjustly enriched absent IOU's intended secured interest in them for which IOU has no adequate remedy.

71.     A constructive trust to satisfy the Instruments is implied on all property, assets and proceeds of Defendants, such as the Properties, subject to the Instruments, maintained and/or improved by the IOU's wrongfully obtained funds per their misconduct, which they are estopped from denying.

72.     Per 28 U.S.C. § 2201 *et seq* and applicable law, IOU requests the Court declare and impose a constructive trust on all property, assets and proceeds of Defendants, securing the Instruments, retroactive to their execution, grant just relief.

## COUNT VII: FORECLOSURE AND RELATED
## RELIEF AS TO DEFENDANTS

73.     ¶ 7-31 are incorporated.

74.     Defendants breached Plaintiff's Instruments, failed to satisfy them or comply with them, a lien on their property, assets and proceeds, like the Property.

75.     Per 28 U.S.C. § 2201, § 2001 *et seq*, Fla. Stat. § 86.011 *et seq*, § 65.011 *et seq*, § 701.01 *et seq*, § 45.011 *et seq* and applicable law, IOU requests the Court declare, establish and judicially foreclose its secured lien interest in all property, assets and proceeds of Defendants, such as the Property, its fixtures, appurtenances, rents, contents and insurance for the principal sum of its Note, interest, charges, expenses, costs and fees, taxes and abstracting, in which all other claims and interests are inferior, subordinate, barred, foreclosed, quieted to all right, title, interest and equity of redemption.

## COUNT VIII: POSSESSION AND RELATED RELIEF
## AS TO DEFENDANTS

76.     ¶ 7-32 are incorporated.

77.     Defendants and/or others occupy and possess their property assets and proceeds, such as the Property, to which Plaintiff or any purchaser at sale is entitled to post-sale possession and/or payments.

78.      Per Fed. R. Civ. P. 64, Fla. Stat § 66.011 *et seq* and applicable law, Plaintiff requests the Court award sole post-sale possession of the property, assets and proceeds of Defendants to it or any other purchaser at sale, including the Property and/or any other purchaser at sale, ejecting Defendants and/or any others.

79.    The individual Defendants are not minor(s) adjudged incompetent; not in the military for the last 30 days, not subject to protection per 50 U.S.C. §3901.

Respectfully submitted this 145th day of October 2020.

By:    */s/Paul G. Wersant*
Paul G. Wersant
Florida Bar No. 48815
3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024
Telephone: (678) 894-5876
Email: pwersant@gmail.com
Attorney for Plaintiff IOU
File No. 26668