**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IOU CENTRAL, INC.,**

       **Plaintiff,**

v.                                                  **Case No: 6:20-cv-1893-PGB-LRH**

**FINES ENTERPRISES, INC., LEONIDES GABRIEL FINES, ANDREA EMMA FINES, VICTORY HEALTH CARE, LLC and KRISTIN ANN FINES,**

       **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S AMENDED MOTION FOR FINAL DEFAULT JUDGMENT** (Doc. No. 27) |
| **FILED:** | February 5, 2021 |
| **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**. | |

On October 14, 2020, Plaintiff IOU Central, Inc. filed a complaint against Defendants Fines Enterprises, Inc., Leonides Gabriel Fines, Andrea Emma Fines, Kristen Ann Fines, and Victory Health Care, LLC. Doc. No. 1. Plaintiff alleges several claims against Defendants, each of which relate to a commercial loan which appears to have been taken out by Leonides and Andrea Fines, on behalf of Fines Enterprises. *Id.* ¶ 7. It further appears that Leonides and Andrea Fines allegedly executed a promissory note, security agreement, and guaranty, and subsequently allegedly defaulted on the loan. *Id.* ¶¶ 7–20; *see also id.* ¶ 2 (defining Leonidas Fines and Andrea Fines as the

"Debtor(s)"). Although referenced throughout the complaint, copies of the documents at issue, *i.e.*, the loan application, promissory note, security agreement, or guaranties, are not attached to or otherwise included with the complaint.

In Count I of the complaint, Plaintiff asserts "Declaratory, Equitable and Related Relief" against all Defendants, in that Plaintiff "requests the Court declare, establish and reform its Instruments to bind Defendants jointly for the Loan, as a security interest/mortgage lien in their property, assets and proceeds, per the Prior Loan(s) under subrogation, contribution, exoneration and quia timet; and grant all just relief." *Id.* at 10–11. In Count II, Plaintiff alleges a "Breach of Instruments and Related Relief" against all Defendants. *Id.* at 11–12. In Count III, Plaintiff alleges "Breach of Fiduciary Duty of Trust to Creditor and Related Relief" against all Defendants. *Id.* at 12–13. In Count IV, Plaintiff asserts "Quantum Meruit/Unjust Enrichment and Related Relief" against Defendants Victory Health Care and Kristin Ann Fines. *Id.* at 13–14. In Count V, Plaintiff asserts a claim for "Equitable Lien/Equitable Mortgage and Related Relief" against all Defendants. *Id.* at 14. In Count VI, Plaintiff asserts "Constructive Trust and Related Relief" against all Defendants. *Id.* at 15. In Count VII, Plaintiff seeks "Foreclosure and Related Relief" against all Defendants. *Id.* at 16. Finally, in Count VIII, Plaintiff seeks "Possession and Related Relief" as to all Defendants. *Id.* at 16–17.

None of the Defendants have appeared in this matter or otherwise responded to the complaint. On Plaintiff's motions, Clerk's defaults were entered against Defendants. Doc. Nos. 16–17, 19–20. Now, Plaintiff seeks default judgment. Doc. No. 27. The motion for default judgment has been referred to the undersigned. Upon review, however, there are several deficiencies with the complaint and motion for default judgment, preventing the undersigned from

recommending that default judgment be entered in Plaintiff's favor. Each issue will be addressed in turn.

*Subject Matter Jurisdiction*

A party is not entitled to a default judgment merely because a clerk's default has been entered. Instead, before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well-pleaded factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

In the complaint, Plaintiff has not sufficiently alleged that the Court has subject matter jurisdiction over this case, which is allegedly based on the diversity of citizenship between the parties. Specifically, while the complaint alleges that Plaintiff is a citizen of Delaware and Georgia; that the individual Defendants are domiciled in Florida; and that Fines Enterprises is a Florida dissolved corporation with a principal place of business in Florida; nowhere in the complaint does Plaintiff address the citizenship of Victory Health Care, LLC. *See* Doc. No. 1 ¶¶ 1–4.[2] And because Victory Health Care, LLC is an unincorporated business entity, it is a citizen of every state in which each of its individual members are citizens. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); *see also Venture Invs. Props., LLC v. Scottsdale Ins. Co.*, No. 3:14-cv-1536-J-34PDB, 2015 WL 269011, at *2 (M.D. Fla. Jan. 21, 2015) (citations omitted) ("Without knowledge of the identity and citizenship of all the members of [the

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] The complaint alleges that Kristin Fines is a member of Victory Health Care, LLC, along with Leonidas Fines and Andrea Fines, but the complaint fails to otherwise discuss the company, or allege that these are the *only* members of Victory Health Care, LLC.

plaintiff], the Court is unable to determine whether complete diversity exists . . . ."). Accordingly, at this point, Plaintiff has not demonstrated that the parties are completely diverse. If Plaintiff files a renewed motion for default judgment, it must be supported by evidence establishing each party's citizenship. *Cf. Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1270 (11th Cir. 2011) (allowing defective allegations regarding citizenship to be cured through record evidence).

*Documents Referenced in But Not Attached to the Complaint*

On review of Plaintiff's complaint, it is not entirely clear from the allegations who executed what documents or instruments at issue, *i.e.*, the loan application, the promissory note, the guaranties, and the security agreement. Doc. No. 1 ¶¶ 7–20. And Plaintiff did not attach or include any of the referenced documents when it filed the complaint. Instead, Plaintiff has included copies of the promissory note and guaranties with the motion for default judgment. Doc. Nos. 27-1, 27-2, 27-3. In the motion for default judgment, Plaintiff appears to ask the Court to take judicial notice of these documents because "[p]er Fed. R. Civ. P. 10(c), an instrument, an exhibit to a pleading, is part of it like here." Doc. No. 27, at 4. However, a motion for default judgment is not a pleading. Thus, Plaintiff's reliance on Rule 10(c) is unpersuasive as these documents were not attached to the operative pleading, *i.e.*, the complaint. *See* Fed. R. Civ. P. 7 (defining "pleadings" as opposed to "motions"). And Plaintiff has not demonstrated that attaching these documents to a motion for default judgment properly brings the matter of Defendants' liability on the instruments before the Court. *Cf. CHCC Co. LLC v. Pilgrim Pipeline Holdings, LLC*, No. 6:16-cv-1954-Orl-22DCI, 2017 WL 4216464, at *5 (M.D. Fla. Sept. 22, 2017) ("Plaintiff cannot cure a deficiency in its Complaint through its Motion for Default Judgment.").

Accordingly, in a renewed motion for default judgment, Plaintiff must provide citation to legal authority demonstrating that, in a case such as this, the instruments at issue need not be

included with the complaint, and instead, may be submitted in support of a motion for default judgment to establish liability.

*Florida Law v. Georgia Law*

It is clear from the complaint that Plaintiff is asserting several claims under state law. What is not clear, however, is under what state law Plaintiff seeks to proceed. The motion for default judgment further muddies the waters because, rather that stating that Plaintiff is proceeding under the law of a specific jurisdiction, Plaintiff, without stating why, proceeds to provide an analysis as to both Georgia and Florida law. Doc. No. 27, at 6–24. To make matters more confusing, Plaintiff attaches to the motion for default judgment the promissory note and guaranties at issue, all of which clearly state that Georgia law governs the instruments. *See* Doc. No. 27-1, at 3 (promissory note stating that "this Note shall be governed by and construed, applied and enforced in accordance with the laws of the State of Georgia"); Doc. No. 27-2, at 2 (personal guaranty signed by Leonides Fines stating that "this Guaranty shall be governed by and construed, applied and enforced in accordance with the laws of the State of Georgia"); Doc. No. 27-3, at 4 (personal guaranty signed by Andrea Fines stating that "this Guaranty will be governed by, construed, applied and enforced in accordance with the laws of the State of Georgia").

Accordingly, in any renewed motion for default judgment, Plaintiff must specifically identify the jurisdiction and law thereof under which it seeks to proceed. Providing an alternative analysis of the law of two different jurisdictions is entirely unhelpful, and does not establish that Plaintiff is entitled to the relief it seeks.

*Standard for Motions for Default Judgment*

Relatedly, the motion for default judgment is, in large part, incomprehensible and insufficient to establish entitlement to the relief sought. As discussed above, Plaintiff's complaint

contains eight separate counts of relief. To establish entitlement to default judgment as to each of these counts, Plaintiff must do more than assert, in a conclusory fashion, that it is entitled to default judgment on its claims under the laws of two different jurisdictions. As but one example, Plaintiff seeks a finding that "Defendants are Jointly Liable to IOU." Doc. No. 27, at 6. However, in the entirety of Plaintiff's analysis of same, Plaintiff provides no citation to the complaint demonstrating that joint and several liability is proper, instead merely providing a string of citations to statutes and case law from both Florida and Georgia for the conclusory assertion that joint and several liability applies. *See id.*[3] The same holds true with Plaintiff's attempt to establish Defendants' liability on each count of the complaint. *See* Doc. No. 27, at 8–25.

Accordingly, the Court will require re-briefing on the issue of each Defendants' liability as to each count of the complaint. In such re-briefing, Plaintiff must: (1) separately set forth the elements of the claim asserted in each count of the complaint under applicable law; (2) demonstrate, with pinpoint citations to the complaint (by paragraph number) how the allegations of the complaint establish every element of each count of the complaint; (3) demonstrate, with pinpoint citations to the complaint (by paragraph number) how the allegations of the complaint establish each individual Defendant's liability; and (4) support such assertion with citation to relevant legal authority demonstrating that the allegations of the complaint are sufficient to establish each of the elements of the claims asserted against each of the individual Defendants.

---

[3] Plaintiff does not even address the fact that the guaranties and promissory note, provided with the motion for default judgment, were signed by only three out of five Defendants in this matter. *See* Doc. Nos. 27-1, 27-25, 27-3.

*Explanation on Causes of Action*

Another related issue is with the claims asserted in the complaint and Plaintiff's attempt to establish entitlement to relief on same.  As discussed above, Plaintiff asserts eight (8) separate claims for relief in the complaint:  (1) declaratory relief; (2) breach of instruments; (3) breach of fiduciary duty; (4) quantum meruit/unjust enrichment; (5) equitable lien/equitable mortgage; (6) constructive trust; (7) foreclosure; and (8) possession.  Doc. No. 1.

At least some of these claims appear to seek alternative relief.  However, in the motion for default judgment, Plaintiff fails to sufficiently explain whether it is seeking to proceed on all claims, whether and to what extent these claims seek alternative relief, and which claims would be nullified should its primary requests be granted.  *See* Doc. No. 27.  The undersigned finds Plaintiff's one-sentence statement that "[t]he alternative relief sought in Count IV and Count VI if not otherwise granted on the other claims, which are otherwise withdrawn and all just relief," insufficient.  *See id.* at 25.  Accordingly, in any renewed motion, Plaintiff must provide an explanation as to which claims it is primarily asserting, in which claims it seeks alternative forms for relief, an explanation on how the Court should analyze such claims, and citation to legal authority supporting its position.

*Relief Sought*

Finally, Plaintiff's motion for default judgment fails to sufficiently set forth the relief sought or entitlement to same.  For one, Plaintiff has failed to sufficiently quantify the "[d]amages and costs as sought in Counts II–III," and has failed to provide evidence of such damages.  *See* Doc. No. 27, at 25.  Plaintiff also seeks "[d]eclaratory and equitable relief as sought in Counts I, V, VII, VIII," but fails to provide any explanation as to what relief Plaintiff is exactly seeking in each of these counts, or legal authority demonstrating that the relief would be properly awarded.  *See id.*  Plaintiff's broad assertions that it is entitled to "damages" and "declaratory and equitable relief" is

not well taken. *See Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (in context of default judgment, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters.").[4]

Accordingly, in any renewed motion for default judgment, Plaintiff must set forth the relief sought, with specificity, as to each count of the complaint, with citations to the record and other competent evidence in support, as well as citations to legal authority demonstrating that it is entitled to the relief sought based on the allegations of the complaint and supporting evidence.

For each of these reasons, Plaintiff's Amended Motion for Final Default Judgment (Doc. No. 27) is **DENIED without prejudice**.   It is **ORDERED** as follows:

1. On or before **May 14, 2021**, Plaintiff may file an amended motion for default judgment, which must address each and every deficiency identified in this Order.

2. Alternatively, should Plaintiff determine that the deficiencies identified in this Order cannot be rectified by filing an amended motion for default judgment, on or before **May 14, 2021**, Plaintiff may file an amended complaint.

3. If Plaintiff chooses to file an amended complaint, the Court will require that Plaintiff serve the amended complaint on Defendants in compliance with the Federal Rules of Civil Procedure, and to file proof of service within **thirty (30) days** of filing the amended complaint.

---

[4] To the extent that Plaintiff has attached to the motion for default judgment "Plaintiff's Verification and Affidavit of Relief Due," such "Affidavit" is insufficient to support the motion for default judgment for three primary reasons.   First, the "Affidavit" is not notarized, nor does it substantially comply with 28 U.S.C. § 1746.   Second, Plaintiff provides no explanation in the motion for default judgment regarding this "Affidavit," besides general references to the document.   *E.g.*, Doc. No. 27, at 4, 19, 25.   Third, the "Affidavit" does nothing to cure the deficiencies in the motion for default judgment regarding the specificity required to show that Plaintiff is entitled to "declaratory and equitable relief."

 **4.** **Failure to comply with this Order may result in a recommendation that this case be dismissed without further notice.** See **Fed. R. Civ. P. 41(b);** *see also* **Local Rule 3.10.**

 **DONE** and **ORDERED** in Orlando, Florida on April 23, 2021.

_____
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties